Thank you, Your Honor. May it please the Court, Xandra Lopez, Federal Defenders, on behalf of Mr. Davalos-Lopez, I will be reserving two minutes of my time and I will be watching the clock. As the Supreme Court in Pepper stated, the Court's duty is always to sentence the defendant as he stands before the Court on the day of sentencing. At resentencing, the District Court agreed that Mr. Davalos was merited a lesser sentence than what was originally imposed because of post-sentencing rehabilitation. But the District Court misunderstood its authority under the mandate. Under the rule... Did we send count one back for resentencing or did we affirm the sentencing count? The Court... What Kellington tells us to do is, when we need to determine what the mandate of the Court was, is we look at the entire opinion. And Kellington instructs us that we need to determine what was expressly and impliedly disposed of. Those are the issues that the District Court had no authority to consider. Well, but I think the question... Whatever the effect of it is, what did we do the first time through? The first time through, the Court heard arguments on specific issues. And the issues... No, we did... We made decisions, did we not, with respect to both count one and count two? That's correct. What the effect of those decisions are, you can argue. But just what did we do with respect to count one and what did we do with respect to count two? Well, the only issue applicable to count one was the acceptance and responsibility guidelines issue. I understand. What did we do? So the Court remanded. Right, but I can read you what it says for count one. We affirmed Davalos' conviction and sentence for count one, but vacated his sentence for count two. With that mandate, how could the District Court touch the sentence for count one? Because, again, Your Honor, this Court in Kellington and Coates instructs us that we don't only look at that one line. We look at the mandate in context of the entire opinion and the procedural history of the case. Okay, so do that for me. Look in the context of the entire opinion and the procedural history of the case. When I read all those things, what I end up with is this Court saying, We're fine with the sentence on count one. We're not fine with the sentence on count two. Take him back and resentence him on count two. Why isn't that a common-sense, holistic, look-at-the-whole-record reading of what we did? I think, Your Honor, it's because we're focusing too much on counts. Because when the Court stated that it affirmed count one, it was addressing one issue, and that issue was the acceptance of responsibility issue. But when we look at what that issue addressed, it applied to both counts. It applied to both count one and count two because both counts apply the same guidelines. So your position is that we, not we, but the panel, made a mistake the first time by not vacating the sentence on count one, and that you can therefore, notwithstanding the fact that we affirmed it, tell the district judge that he ought to resentence? Your Honor, I think what we need to do is look at what the Court did, and the Court did remand for resentencing. I understand that the Court stated that they vacated as to count two, but nonetheless, looking at the entire opinion, it was a remand for resentencing. But what do we do now with the sentence on count two? Because we had a very clear mandate. We affirmed count one, we sent back count two because the sentence exceeded the statutory maximum. And what happened on remand is the sentence on count two still exceeds the statutory maximum. So our mandate was completely disregarded. But what are we to do now with this? The Court can remand back to the district court, and again instruct the district court that it can't sentence Mr. Dallolos to above the statutory maximum of 24 months. How is it that this escaped everyone's attention? It was a very clear mandate that the sentence on count two may not exceed 24 months, and somehow it happened again. That's correct, Your Honor. And looking at it in retrospect, it should have been an issue raised on appeal. What's your best case showing that this is possible to do? Excuse me, Your Honor? What's your best case from the Ninth Circuit showing that this procedure is proper that you're proposing here? Do you have one? I can't hear it. What's the best case for? The best case from the Ninth Circuit to support your position. That we should remand to the district court on this issue as to time served? Sure. Your Honor, I would say to United States v. Torres, and that case specifically says that you can't wait when the court imposes an illegal sentence, and the court, an illegal sentence cannot stand. It needs to be corrected. And if this court does remand for that basis, we would request that the court clarify to the district court that it can consider post-sentencing rehabilitation as to all counts. When does your client's sentence on count one, when will he have fully served it? I understand he has a carry-on for another sentence, but when will he have first served count one, fully served count one? The client still has about four months left, so I believe it's June 21st he will be released from custody. With respect to count two, and let me start from your premise that the court should have sentenced him to something equal to or less than 24 months if that was a mistake, is there any prejudice? Yes, Your Honor. Given that he's going to be in jail on count one until released on count one? Well, Your Honor, the Sixth Circuit in Nichols addressed this issue and stated that when there is an illegal sentence, it triggers per se reversal and prejudice is not required. And so prejudice is not required. It brings me to my next issue that we request that the court clarify to the district court that it can consider post-sentencing rehabilitation because of what I've indicated to the court, how Kellington tells us to look at the cases, but also because this is a sentencing package. And if we go back and we look at the fact that these two counts were basically the same offense. It was for the same underlying conduct of reentering the country on the same date. They involve the same guidelines and the same sentencing factors. The district court conceded that after reviewing post-sentencing rehabilitation, Mr. Davalos was worthy of a lesser sentence, but found that his hands were tied based on this court's mandate. You wanted to save a couple minutes for rebuttal. Sure. I said I'd remind you, so here you are.  Thank you. Let's hear from the government. Thank you, Your Honor. May it please the court, Zach Howe on behalf of the United States. Under 18 U.S.C. section 3582C, as well as the rule of mandate, the district court properly declined to reconsider the 1326 sentence on remand. So how is it that a sentencing occurred with the district judge and an AUSA defense attorney with a very clear mandate from the Ninth Circuit as to what the error was on count two and what needed to be done, and it was defied again? The same error happened again. How did that happen? I don't have a good explanation, Your Honor. The government did request a 24-month sentence in its sentencing papers. It's at page 24 of the record, but I agree it was never clarified at the sentencing hearing. I don't know why the error happened. It should not have happened. So I have no good explanation for you, Your Honor. The most I can say is that to the extent the court is not inclined to apply waiver here, and I don't assume the court would want to since it requested argument on this issue, I would say there was no prejudice that resulted from this error. Well, I take it from the prior mandate that we have to do the same thing because it's law of the case that this count two can't stand above 24 months, and it's still above 24 months. So I would think under our own obligation to follow the law of the case, we have to send this back. Is that right? I'm not sure if it's right, Your Honor. I think there are two differences. One is that the issue was not waived in the prior appeal, and two is that the government never, and this is perhaps my fault, but we never argued harmlessness in the first appeal. And, of course, this court won't address harmlessness when the government doesn't make a harmless error argument. Here, waiver does apply, and here we have made the harmless error argument. So I think we're in a different posture, and for that reason, the court can't— But don't we have—I think what I take Judge Collins to be asking, maybe he wasn't, is don't we have an obligation to make sure that our mandates are followed? Even if both sides fail to bring it to the attention of the trial judge, if we just let this slip, then we'll be in a bunch of cases where we have to say, well, the judge didn't do what we told him to, but now we have to figure out whether or not it really matters. It seems to me, as a matter of judicial administration, we need to correct this, don't we? Perhaps, Your Honor, and I don't want to press too hard on this issue. The only thing I would say is that if the court is inclined to remand for the purpose of making sure its mandate was followed, then I think what that entails is remanding and saying resentencing can only occur on the 1325, and so essentially the only purpose is to sentence at the statutory maximum on that 1325 count. Can I ask you a question about Ms. Lopez's primary argument or first argument? Let's assume that the mandate didn't allow the judge last time through to resentence on count one. Do we have the ability to give him that power this time? I don't know that there's anything that prevents you from doing so, Your Honor. Section 3742F says that you can issue the instructions you deem appropriate on remand, so I don't know that there's any bar to the court allowing that, but, again, I don't know that there's any reason to do so. Well, let me give you a reason and see if you can respond to it. I don't know whether the district judge was just merely being nice to defense counsel. Sometimes that happens. But he seemed to indicate that he would seriously consider reducing the sentence on count one if only he could, and I take it there's no other avenue by which Mr. Lopez could seek that, Mr. Devalos could seek that to happen. So why shouldn't we let the district judge take a shot at it? Well, Your Honor, I'm not sure that the court, I take the point. The court absolutely did discuss these mitigating factors and said that that warranted a time-served sentence on the 1325 count. I didn't read the court as having said anything about the sentence it viewed as the overall appropriate sentence for the principal offense, the greater offense, and the court is clear in saying that 1326 is the principal offense, that there was no effect on any bundling, and that the 37-month sentence was appropriate for that 1326 offense. So I'm not sure that the court has indicated that it would have imposed a lesser sentence on that count. You just think the court was saying, I can't even consider that count because it's part of the mandate. That's right, Your Honor. And I want to be very clear, the statutory language is mandatory. It says, quote, the court may not modify a term of imprisonment once it has been imposed except, and then it lays out certain exceptions like compassionate release or ministerial errors, things that undisputedly don't apply here. So I think this case is even a bit set apart from the cases that we cite because we're dealing with a specific sentencing issue, and there's a statutory bar in addition to the rule of mandate that keeps the court from reconsidering a sentence. So that's why a case like, for example, Kellington doesn't apply here because it was addressing a motion to acquit. The court is perfectly allowed on remand to reconsider motions. There's no statutory bar to that. Here you do have an express statutory bar preventing the court from reconsidering its sentences in addition to the actual mandate where the court expressly affirms that sentence. So I think the appropriate approach here is simply to hold that your mandate barred the court from reconsidering the 1326 sentence. And then with respect to the 1325 sentence, I think the right route is you either affirm because it's harmless or remand for the specific purpose of just imposing the statutory maximum. So if there are other questions from the court, I'm happy to answer them. Otherwise, I'm happy to yield the remainder of my time to the court. Either of my colleagues have other questions for the government. Ms. Lopez, you're back up. Thank you, Your Honor. Thank you, Your Honor. I'd like to address a couple of points. The most important is this is not proceeding under 3582C where the district court was modifying an otherwise final sentence. So 3582C doesn't apply. 3742F and G does. This court found an illegal sentence and remanded for resentencing. Under 3742G, the court was to consider 3553 factors. So the government's argument is not applicable to this case. And again, as indicated in Kellington, Cote, Rivera, Alvarez, even when the mandate has some language that may be considered to foreclose an issue, as long as not inconsistent with the mandate, the district court has the authority to do it. Well, but I'm looking at F1. And it says if the sentence was imposed in violation of the law, which is what happened in your case, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate. And we didn't. We you know, we could have said the first time resentencing on both counts. But we didn't. We said, well, the sentence on count one was OK. Wasn't that the instruction we thought was appropriate? Well, the court the court's instruction was for resentencing. And the question that's well, no, no, no. To be fair, it was for resentencing on count two. I mean, the the the disposition is quite clear. I think I think the point is, Your Honor, when it remanded for resentencing, it remanded for on count two. The court had to consider 3553A factors. And the point is, at the original sentence, the sentence was imposed for both counts as a package. And in order for the court to seriously consider the 3553 factors for the same, effectively the same offense, it had to consider the sentencing as a whole. And unless the court has any other issues. Let me I was just about to ask my colleagues whether they did. I do have one question about the calculation of the time, because I thought of the one the sentencing in this case on the remand. When did it take place in late 2019 or early 2020? And at that point, I thought he had like twenty nine months served. And the sentence was 37 months, which would have suggested he would have gotten out in like just a few more months. But you said that he's in until. That's correct, Your Honor. So he had a 37 month concurrent sentence. In addition, he had an 18 month consecutive sentence for supervised release violation. So in the aggregate, he had 55 months. OK, I was unaware of the additional 18 months that explains it. All right. Thank you. All right. I thank both counsel for their arguments and briefing in this case and it will be submitted.
judges: Siler, Hurwitz, Collins